FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 30 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

KYLE GOVANS,

              Plaintiff,

        -against-

WOODHULL MEDICAL CENTER;
STAFFER,

              Defendants.

------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
12-CV-1436 (CBA)

AMON, United States District Judge:

Plaintiff Kyle Govans filed this *pro se* action on March 20, 2012. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff is granted thirty (30) days leave to file an amended complaint.

## Background

Plaintiff's complaint in its entirety states:

> At about 5:00 pm on stoop officers walked up harrasing [sic]. Kingston Ave on stoop brought into South Beach. 5/7/08 January 5th begin of this year intake St. John's Hospital needed Risperdal medicine. Release date from South Beach was 2 months without notice.

Compl. at pg 2.

## Standard of Review

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, a court must construe a *pro se* litigant's pleadings liberally. *See*

*Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010). A *pro se* complaint should not be dismissed without granting a *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (*per curiam*).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### Discussion

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature

of the case so that it may be assigned the proper form of trial.' ") (quoting <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995)).

In the complaint's current form, the Court is unable to discern the nature of plaintiff's claims or identify the basis for relief. However, it appears that plaintiff may be seeking to raise a claim of involuntary commitment. Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given thirty (30) days leave to file an amended complaint. <u>Cruz v. Gomez</u>, 202 F.3d 593 (2d Cir. 2000).

Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should plaintiff elect to file an amended complaint he must name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint. Even if plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe. To the best of his ability, plaintiff must describe each individual and the role he or she played in the alleged deprivation of his rights. In addition, he must set forth the factual allegations to support his claim against each named defendant, the dates and locations of all relevant events, and the relief he is seeking.

Moreover, this Court notes that although plaintiff names Woodhull Hospital as a defendant in the caption of the complaint, he fails to make any allegations against the hospital in the body of the complaint. Similarly, plaintiff's complaint states that he was held for two months at "South Beach," which may be a reference to South Beach Psychiatric Center, yet fails to name any South Beach defendants in the caption of the complaint. Plaintiff's amended complaint should clarify these inconsistencies.

## Conclusion

Plaintiff is hereby granted thirty (30) days from the date of this order to submit an amended complaint. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend his complaint within 30 days as directed by this order, the Court shall dismiss this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
Carol B. Amon
United States District Judge

Dated: Brooklyn, New York
April 30 , 2012