UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
NOT FOR PUBLICATION

KYLE GOVANS,

          Plaintiff,

   -against-

WOODHULL MEDICAL CENTER;
STAFFER,
          Defendants.
-------------------------------------------------------------x

**MEMORANDUM & ORDER**
12-CV-1436 (CBA)

AMON, United States District Judge:

## BACKGROUND

Plaintiff Kyle Govans filed this *pro se* action on March 20, 2012 by filing a very short, largely unintelligible complaint. By order dated April 30, 2012, plaintiff was given thirty (30) days leave to file an amended complaint. Plaintiff was directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, and that he must name as proper defendants those individuals who have some personal involvement in the actions he alleges. Plaintiff was advised that if he does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe, but must to the best of his ability describe each individual and the role he or she played in the alleged deprivation of his rights. In addition, plaintiff was informed that he must set forth specific factual allegations to support his claims, the dates and locations of the relevant events, and the relief he is seeking. Finally, plaintiff was warned that if his amended complaint didn't comply with the Court's instructions, the action would be dismissed.

On May 14, 2012, plaintiff filed a document entitled "Amended floder claims." (Docket entry #4.) The narrative recited therein is again predominantly incomprehensible. Plaintiff

asserts that he was "arrested for weed charges and has not had any treatment." He writes later, "These John Doe officers must of had a thought that I had a weapon or maybe firearms. Why are they adding the two together." He also states that "after weeks of being detain at court the lawyers and prosecutors took wrong action and remained me for or in a bond that wasn't addressed." He appears to state that he was held as a patient for some period of time at South Beach Psychiatric Center and/or Woodhull Medical Center, and indicates that he was "hallucinating and uncontrollable." He also states, however, that "the center released me to a funeral that was unnoticed because of lack in time." Additionally, he appears to refer to surgery that was performed on his ear. In terms of relief, plaintiff asserts: "I want u to have every staff member agent to show or have prove of cause. Can u also please elevate the difference. I'm a full grown person and would like to be treated like one." He also asserts a claim for money damages up to one million dollars.

## DISCUSSION

Pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "[A] plaintiff's obligation to provide the

'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotations and citations omitted).

Plaintiff's May 14, 2012 submission fails to comply with the dictates of Rule 8, or with this Court's prior order. There is no caption, and it remains unclear whom plaintiff intends to name as defendants. The Court is unable to discern the legal theory underlying plaintiff's causes of action, and the factual allegations are not sufficiently detailed or intelligible to state a plausible claim. Even if any defendants were properly named, the amended complaint would fail to provide those defendants with notice of the claims against them. The Court thus finds that the amended complaint falls short of satisfying the pleading requirements and must be dismissed.

## CONCLUSION

Accordingly, the action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
       June 22, 2012